**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

MERCURY INDEMNITY COMPANY OF
AMERICA,

                    Plaintiff,

          v.

UNITED STATES OF AMERICA,

                    Defendant.

Civil Action No. 23-6973 (MAS) (JBD)

**MEMORANDUM ORDER**

**SHIPP, District Judge**

This matter comes before the Court upon Defendant the United States of America's (the "United States" or "Defendant") motion to dismiss (ECF No. 8) Plaintiff Mercury Indemnity Company of America's ("Plaintiff") Complaint (ECF No. 1). Plaintiff opposed (ECF No. 10), and the United States replied (ECF No. 11). The Court has carefully considered the parties' submissions and reaches its decision without oral argument under Local Civil Rule 78.1(b). For the reasons below, the United States's motion is granted.

By way of background, on or about August 23, 2021, a motor vehicle owned by the United States and operated by the United States's agent (the "United States Vehicle") collided with a vehicle insured by Plaintiff (the "Insured Vehicle"). (Compl. ¶¶ 4-5, ECF No. 1.) Plaintiff alleges that the United States Vehicle was, among other things: (1) operating "in complete disregard of the point and position of [the Insured] Vehicle"; (2) "[f]ailing to keep a proper lookout"; (3) "[t]raveling too fast [given the] conditions"; and (4) "[d]isregarding traffic control devices."

(*Id.* ¶ 6.) Other than the allegations outlined above, Plaintiff does not allege any further factual background about the accident. (*See generally id.*)

On the facts above, Plaintiff invokes the Federal Tort Claims Act (the "FTCA") and alleges negligence against the United States. (Compl. 1 (citing 28 U.S.C. § 1346(b)(1)).) Crucially, however, the United States challenges the subject-matter jurisdiction of this Court and contends that Plaintiff failed to comply with procedural requirements under the FTCA such that Plaintiff cannot subvert sovereign immunity through the FTCA. (Def.'s Moving Br. 3-8, ECF No. 8.) To be clear, Defendant represents that the insured driver of the Insured Vehicle, Silviana Pacius ("Pacius"), was the only claimant to file a presentment[1] with the United States and Plaintiff provides no allegation or proof that it itself presented a claim to the United States or that it is otherwise authorized to present a claim on Pacius's behalf.[2] (*Id.* at 1-3.) Plaintiff does not address the United States's contention that it failed to show that it filed a presentment with the United States as a claimant or was otherwise a "duly authorized agent or representative" of Pacius. (*See*

---

[1] A "presentment" is a term used in the context of the FTCA and refers to the claimant's act of presenting a claim to the "appropriate federal agency" before bringing an action under 28 U.S.C. § 2675. *See White-Squire v. U.S. Postal Serv.*, 592 F.3d 453, 455, 459 (3d Cir. 2010).

[2] The United States represents that two presentments were filed with United States Immigration and Customs Enforcement ("ICE"), here, the "appropriate federal agency" under 28 U.S.C. § 2675: (1) an August 1, 2022 presentment signed by Pacius's attorney with an addendum by Pacius authorizing the attorney to file the presentment; and (2) a December 19, 2022 presentment listing Pacius as the claimant but which was unsigned, undated, and did not include an addendum authorizing any agent or entity to make a presentment on Pacius's behalf. (Def.'s Moving Br. 2.) Plaintiff does not challenge this assertion, and Plaintiff also does not challenge the United States's contention that Plaintiff was neither a claimant nor did Plaintiff provide documentation that it was a duly authorized representative of Pacius. (*See generally* Pl.'s Opp'n Br., ECF No. 10.) In sum then, Plaintiff has given the Court no reason to believe that it properly made a presentment capable of subverting sovereign immunity and establishing subject-matter jurisdiction in this Court.

*generally* Pl.'s Opp'n Br.) For the reasons set forth below, therefore, Plaintiff has failed to satisfy this Court that it has subject-matter jurisdiction over its claim.

Sovereign immunity typically insulates the United States from civil suit. *CNA v. United States*, 535 F.3d 132, 140 (3d Cir. 2008) ("[T]he United States, as sovereign, is immune from suit save as it consents to be sued, and the terms of its consent to be sued in any court define that Court's jurisdiction to entertain the suit." (quoting *United States v. Sherwood*, 312 U.S. 584, 586 (1941))). The FTCA, however, provides a limited waiver of sovereign immunity so long as certain procedural requirements are met. 28 U.S.C. § 1346 (b)(1) ("[T]he district courts . . . shall have exclusive jurisdiction of civil actions on claims against the United States"); *see* 28 U.S.C. § 2675(a) ("An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property . . . caused by the negligent . . . act or omission of any employee of the [United States] . . . unless the claimant shall have first presented the claim to the appropriate [f]ederal agency."). One such requirement is that a claimant must properly present an administrative tort claim to the appropriate federal agency before bringing suit. 28 U.S.C. § 2675. This requirement is jurisdictional; as such, a claimant's failure to meet this requirement renders this Court unable to exercise subject-matter jurisdiction over a plaintiff's claims. *Livera v. First Nat'l State Bank of N.J.*, 879 F.2d 1186, 1194 (3d Cir. 1989) (citation omitted).

The proper presentation of a tort claim to "the [a]ppropriate federal agency" under 28 U.S.C. § 2675 is governed by 28 C.F.R. § 14.2(a). *See Acevedo v. United States*, No. 23-671, 2024 WL 772575, at *3 (D.N.J. Feb. 26, 2024) (quoting *Tucker v. U.S. Postal Serv.*, 676 F.2d 954, 959 (3d Cir. 1982) and 28 C.F.R. § 14.2(a)). Under § 14.2(a):

> a claim shall be deemed to have been presented when a [f]ederal agency receives from a claimant, his duly authorized agent or legal representative, an executed Standard Form 95 [("SF95")] or other written notification of an incident, accompanied by a claim for

3

> money damages in a sum certain for injury to or loss of property,
> personal injury, or death alleged to have occurred by reason of the
> incident.

*Id.* (quoting 28 C.F.R. § 14.2(a)).

Here, the United States contends that Plaintiff failed to provide sufficient written notification of its claim under § 14.2 because it was not listed as a claimant when Pacius made her presentment and because neither of Pacius's presentments indicated Plaintiff was a duly authorized representative or agent. (Def.'s Moving Br. 3-8.) Plaintiff argues in opposition only that it provided written notifications that are sufficient under § 14.2(a) because they stated a "sum certain." (Pl.'s Opp'n Br. 4.) Because a plaintiff in an FTCA case is required by § 14.2 to establish that it is a "duly authorized agent or legal representative" of a claimant, i.e. Pacius, this Court is unpersuaded that it has jurisdiction to hear Plaintiff's case. *See Encarnacion v. United States*, No. 23-3901, 2024 WL 1671222, at *5 (D.N.J. Apr. 17, 2024) (finding in a matter with similar facts that this Court lacked subject matter jurisdiction where "there is no evidence to suggest [the plaintiff, an insurer,] was a 'duly authorized agent' or 'legal representative' with authority to present a claim on [the] plaintiff's behalf" (quoting *Modrell v. United States*, No. 06-981, 2007 WL 895862, at *5

(W.D. Wash. Mar. 21, 2007))). Accordingly, the Court dismisses this matter for want of subject-matter jurisdiction.

For the reasons provided above,

**IT IS** on this *16th* day of September 2024, **ORDERED** that:

1. The United States's motion to dismiss (ECF No. 8) Plaintiff's Complaint (ECF No. 1) is **GRANTED**.

2. The Clerk's Office is directed to terminate ECF No. 8 and close this case.

3. Plaintiff is granted 30 days from the filing of this Memorandum Order to file an amended complaint and request the Clerk's Office to reopen this matter.

 

 

MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE